UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
UNITED STATES OF AMERICA                             )
                                                    )
            Plaintiff,                               )
                                                    )
      v.                                             )      Civil Action No. 10-1728 (PLF)
                                                    )
$9,928.00 IN UNITED STATES CURRENCY,                 )
seized on March 26, 2010, from inside a trash        )
can in Cordell Evans' bedroom at                     )
525 Somerset Place, N.W., Washington, D.C.,          )
                                                    )
            Defendant.                               )
_____)


MEMORANDUM OPINION

            This matter is before the Court on the unopposed motion of plaintiff, the United

States of America, for a default judgment and final order of forfeiture against the defendant

property under 18 U.S.C. § 983(a) and 21 U.S.C. § 881(a)(6).  The defendant property is

$9,928.00 in United States currency, described as having been "found on March 26, 2010, during

the execution of a warrant to search a duplex home at the address of 525 Somerset Place, N.W.,

Washington, D.C."  Complaint ("Compl.") [Dkt. No. 1] ¶ 2.  Upon consideration of the

government's verified complaint, its pending motion, the affidavit in support of default, the

relevant legal authorities, and the entire record in this case, the Court will grant the government's

motion for default judgment and enter a final order of forfeiture.

            Officers of the Metropolitan Police Department seized the defendant property

from a trash can in the bedroom of Mr. Cordell Evans on March 26, 2010, while executing a

search warrant at 525 Somerset Place N.W.  Compl. ¶ 10.  In addition to the defendant currency,

the officers also discovered and seized about an ounce of cocaine base or crack, false-bottomed containers, and paraphernalia commonly used to prepare drugs for illegal sale. Id. ¶¶ 11-12, 15. Mr. Evans subsequently admitted that the crack cocaine found in his bedroom belonged to him, and a specially trained police dog indicated that the defendant property, the currency, had been in contact with a controlled substance. Id. ¶¶ 17, 20.

On October 12, 2010, the United States commenced this civil forfeiture action by filing a verified complaint for forfeiture *in rem*. The government then gave notice by publication on the government's forfeiture website and mailed notice to known potential claimants, including Mr. Evans. See Affidavit in Support of Default [Dkt. No. 4] at 2 n.2. No claim to the defendant property has been filed. On June 7, 2011, the government filed an affidavit in support of default, see id., and on June 8, 2011, the Clerk of this Court entered a default. See Clerk's Entry of Default [Dkt. No. 5]. The Court finds as facts the representations made by the government in its affidavit in support of default.

The United States has now moved for entry of default judgment and a final order of forfeiture to vest legal title to the defendant property and its ownership in the United States. The Court concludes that the plaintiff is entitled to a default judgment under Rule 55 of the Federal Rules of Civil Procedure and to a final order of forfeiture. Based on the government's well-pleaded allegations in the verified complaint for forfeiture *in rem* and its uncontested affidavit, the Court finds that the defendant property, $9,928.00 in United States currency, is money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, or securities used or intended to be used to

facilitate a violation of the federal Controlled Substances Act.  As such, the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).  The Court finds that the verified complaint for forfeiture *in rem* states a factual and legal basis for forfeiture.  Further, no defense to the forfeiture having been interposed, and no opposition having been made to the motion for entry of a default judgment, the motion will be granted, and a final order of forfeiture will be issued.  An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.


/s/
PAUL L. FRIEDMAN
United States District Judge


DATE:  March 27, 2012